UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ANTHONY PRICE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 11 C 8548 |
| | ) | |
| PITT OHIO EXPRESS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on Defendant Pitt Ohio Express, LLC's ("Pitt Ohio") motion to dismiss the complaint of Plaintiff Anthony Price ("Price") pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is denied.

## **BACKGROUND**[1]

Pitt Ohio terminated Price's employment as a truck driver after he failed a random drug test mandated by the Omnibus Transportation Employee Testing Act of

---

[1] For purposes of the motion to dismiss, the Court accepts the allegations of the complaint as true. *Warth v. Seldin*, 422 U.S. 490, 501 (1975). Additionally, the Court considers facts alleged in Price's opposition to Pitt Ohio's motion to dismiss to the extent such facts are consistent with Price's complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997).

1991 (the "Act"), 49 U.S.C. § 31306, and the United States Department of Transportation's ("DOT") regulations, 49 C.F.R. §§ 40.1 *et seq.*

The Act and DOT regulations require the random testing of operators of commercial motor vehicles, or safety-sensitive transportation employees, for the use of a controlled substance or alcohol in violation of the law. *See* 49 U.S.C. § 31306(b)(1); *see also* 49 C.F.R. §§ 40.1 *et seq.* An employer who receives a verified positive drug test result "must immediately remove the employee involved from performing safety-sensitive functions." 49 C.F.R. § 40.23(a). The employee cannot thereafter perform any DOT safety-sensitive duties for any employer without fulfilling certain obligations, including an evaluation by a substance abuse professional ("SAP") and any treatment prescribed by the SAP. 49 C.F.R. § 40.285. Employers are not required to provide a SAP evaluation or any education or treatment for an employee who has violated a DOT drug and alcohol regulation. 49 C.F.R. § 40.289(a).

In December 2011, Price filed a complaint against Pitt Ohio, alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. Price generally alleges that he was subjected to different terms and conditions of employment, including a "more rigorous federal drug test." Price's brief clarifies his claim that Pitt Ohio discriminated against him when it fired him for failing his drug test instead of continuing to employ him in a non-safety-sensitive position

while allowing him to complete a SAP evaluation and any other requirements for reinstatement as a truck driver. Price asserts that Pitt Ohio did not similarly terminate a white employee who was intoxicated at work. Pitt Ohio now moves to dismiss Price's complaint.

## LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the complaint must contain sufficient facts to state a facially plausible claim for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In ruling on a motion to dismiss, a court accepts the well-pleaded allegations in the complaint as true, construes the allegations of the complaint in the light most favorable to the plaintiff, and draws all reasonable inferences in favor of the plaintiff. *Hentosh v. Herman M. Finch Univ. of Health Scis./The Chi. Med. Sch.*, 167 F.3d 1170, 1173 (7th Cir. 1999). A court construes pro se pleadings liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). When evaluating a pro se complaint, the court may also consider facts in the plaintiff's opposition to a motion to dismiss as long as the facts are consistent with the complaint's allegations. *Thompson*, 300 F.3d at 753; *Gutierrez*, 111 F.3d at 1367 n.2.

## DISCUSSION

Pitt Ohio moves to dismiss Price's complaint, arguing that Price fails to plead sufficient facts to state a race discrimination claim under Title VII or Section 1981.

Title VII and Section 1981 prohibit an employer from discharging or otherwise discriminating against an individual because of such individual's race. 42 U.S.C. § 2000e-2(a); 42 U.S.C. § 1981. A plaintiff alleging race discrimination may establish a prima facie case of discrimination directly or indirectly. *Petts v. Rockledge Furniture LLC*, 534 F.3d 715, 720 (7th Cir. 2008); *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 849-50 (7th Cir. 2008). Price's complaint cannot survive under the direct method because Price alleges no facts pointing directly to a discriminatory reason for his termination, such as an admission of discrimination by Pitt Ohio. *See Koszola v. Bd. of Educ. of Chi.*, 385 F.3d 1104, 1119 (7th Cir. 2004) ("Direct evidence essentially requires an admission by the decision-maker that his actions were based on the prohibited animus.") (citation omitted). Accordingly, the Court will evaluate whether Price has alleged discrimination under the indirect method.

A plaintiff establishes a prima facie case of discrimination under the indirect method by proving that he (1) belongs to a protected class, (2) was satisfying the employer's legitimate expectations, (3) suffered an adverse employment action, and (4) was treated worse than similarly situated employees outside the protected class. *Rodgers v. White*, 657 F.3d 511, 517 (7th Cir. 2011) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). If the plaintiff establishes a prima facie case and the defendant articulates a non-discriminatory reason for the adverse action, the plaintiff

must then prove that the stated reason is merely a pretext for discrimination. *Id.* Price states facts satisfying the first element of the prima facie case because he alleges in his brief that he is African American and thus belongs to a protected class. Pitt Ohio contends that Price has not alleged facts that could satisfy the second, third, and fourth requirements of the prima facie case.

The second element of the prima facie case requires Price to demonstrate that he was satisfying Pitt Ohio's legitimate expectations. Price cannot establish that he was meeting his employer's legitimate expectations since he concedes that he failed a drug test which required Pitt Ohio to immediately remove him from his position as a truck driver. However, when a black employee alleges that he was disciplined more severely than a white employee who also failed to meet the employer's expectations, the plaintiff need not show that he met the employer's expectations. *Rodgers*, 657 F.3d at 517; *Curry v. Menard, Inc.*, 270 F.3d 473, 477-78 (7th Cir. 2001). In this instance and as discussed below, the second and fourth elements of the indirect method merge. *Rodgers*, 657 F.3d at 517. Here, although Price admittedly failed his drug test, Price claims that he was disciplined more harshly than a white employee who was intoxicated at work. Thus, Price's failure to meet his employer's legitimate expectations is not fatal to his claim.

The third element of the prima facie case requires Price to demonstrate that he suffered an adverse employment action. Pitt Ohio argues that Price cannot establish that he was subject to an adverse employment action because the Act and DOT regulations mandated the drug test and Price's removal from the safety-sensitive position. While true, the Act and DOT regulations did not require Pitt Ohio to terminate Price's employment and his termination unquestionably constitutes an adverse employment action. *See Andonissamy*, 547 F.3d at 850. Pitt Ohio contends that an employer's decision to terminate an employee for failing a random drug test is not an adverse employment action, citing *Stockett v. Muncie Ind. Transit Sys.*, 221 F.3d 997, 1002 (7th Cir. 2000). Pitt Ohio's reliance on *Stockett* is misplaced, as the plaintiff in *Stockett* only claimed that his employer subjected him to an adverse employment action by requiring him to take a drug test. *Id.* at 1000. The court in *Stockett* held that requiring an employee to submit to a drug test pursuant to the employer's regular and legitimate practices did not constitute an actionable adverse employment action. *Id.* at 1002. *Stockett* therefore does not foreclose Price's argument that he suffered an adverse employment action when he was terminated from employment.

The fourth element of the prima facie case requires Price to demonstrate that he was treated worse than similarly situated employees outside the protected class. Pitt Ohio maintains that Price has not identified a similarly situated individual outside of the

protected class who was not terminated. Price, however, complains in his brief that Pitt Ohio did not terminate a white truck driver who was intoxicated at work. While Pitt Ohio disputes Price's allegation, the Court must accept Price's allegation as true at this stage. Although Pitt Ohio also contends that any such employee would not be similarly situated to Price because Price failed a random drug test, the materiality of this distinction needs further development. Price's allegation that a white truck driver who violated the Act and DOT regulations received less severe punishment is sufficient to satisfy the fourth element of the prima facie case. At this stage, we cannot determine whether the white employee is similarly situated to Price in all material respects.

For these reasons, Price has sufficiently alleged a prima facie case of discrimination. Even though Pitt Ohio can proffer a non-discriminatory reason for Price's termination (i.e., that he failed his drug test), Price has alleged facts which could demonstrate that Pitt Ohio's justification for his termination is merely a pretext for discrimination. Namely, Price has alleged that he received harsher punishment than a white employee who was intoxicated at work. *See, e.g., Rodgers*, 657 F.3d at 520-21 (finding evidence of pretext where plaintiff received harsher punishment than similarly situated employee). Ultimately, Price's case hinges on whether similarly situated employees outside of the protected class received the option to continue working for Pitt

Ohio in a non-safety-sensitive position while completing a substance abuse program.

The Court cannot resolve this issue at this stage.

## CONCLUSION

For the foregoing reasons, the Court denies Pitt Ohio's motion to dismiss.

_____
Charles P. Kocoras
United States District Judge

Dated: March 15, 2012